## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

| | |
|---|---|
| YANKTON SIOUX TRIBE, et al., ) | |
| ) | |
|   Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 1:16-cv-1796 |
| ) | |
| UNITED STATES ARMY CORPS OF ) | |
| ENGINEERS, et al., ) | |
| ) | |
|   Defendants. ) | |

## DEFENDANTS' ANSWER

Defendants United States Corps of Engineers, Lieutenant General Todd Semonite, Colonel John Henderson, and Colonel Anthony Mitchell ("Corps") and United States Fish and Wildlife Service and Dan Ashe ("FWS") (collectively, "Defendants") respond to the allegations in Plaintiffs Yankton Sioux Tribe and Robert Flying Hawk's (collectively "Plaintiffs" or "Tribe") Complaint for Declaratory and Injunctive Relief (the "Complaint") as follows. Defendants deny any of the Complaint's allegations, express or implied, that are not otherwise expressly admitted, denied, or qualified here.

## INTRODUCTION

1.  The allegations in Paragraph 1 characterize the Complaint, which requires no response. To the extent a response is required, the allegations are denied.

2.  Defendants admit the allegations in Paragraph 2.

3.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 and, on that basis, deny the allegations.

4.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and, on that basis, deny the allegations.

5.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and, on that basis, deny the allegations.

6.      The allegations in Paragraph 6 consist of vague and ambiguous characterizations, which require no response. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and, on that basis, deny the allegations.

7.      The allegations in Paragraph 7 consist of vague and ambiguous characterizations, which require no response. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and, on that basis, deny the allegations.

8.      Defendants admit that Dakota Access, LLC ("Dakota Access") has engaged or will engage in clearing, grading, digging, and burying over certain portions of the Dakota Access Pipeline ("Pipeline") route. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8 and, on that basis, deny the allegations.

9.      The allegations in Paragraph 9 consist of vague and ambiguous characterizations, which require no response. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and, on that basis, deny the allegations.

10.     The allegations in Paragraph 10 consist of vague and ambiguous characterizations, which require no response. To the extent a response is required, Defendants

lack information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and, on that basis, deny the allegations.

11. Defendants admit that the Pipeline will cross or go under private lands on which FWS administers grassland or wetland easements in North and South Dakota. Defendants further admit that the Pipeline will cross projects and flowage easements under the jurisdiction of the Corps' St. Louis and Omaha Districts. Defendants further admit that the Pipeline will cross more than 200 jurisdictional waters of the United States. Defendants deny the remaining allegations in Paragraph 11.

12. Defendants deny the allegations in Paragraph 12.

13. Defendants admit that, in August 2016, the Corps' St. Louis District issued a Final Environmental Assessment for the Dakota Access Pipeline Project, Section 408 Consent for Crossing Federally Authorized Projects and Federal Flowage Easements (August 2016) ("MVS EA"). The remaining allegations in Paragraph 13 characterize the MVS EA, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the MVS EA, they are denied.

14. Defendants admit that, in June 2016, FWS released an Environmental Assessment: Grassland and Wetland Easement Crossings and Finding of No Significant Impact ("FWS EA/FONSI"). The remaining allegations in Paragraph 14 characterize the FWS EA/FONSI, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the FWS EA/FONSI, they are denied.

15. Defendants admit the allegations in the first sentence of Paragraph 15. The allegations in the second sentence of Paragraph 15 characterize the Environmental Assessment for the Dakota Access Pipeline Project Crossings of Flowage Easements and Federal Lands and

Finding of No Significant Impact (July 2016) ("NWO EA/FONSI"), which speaks for itself, and no response is required. To the extent the allegations are inconsistent with the NWO EA/FONSI, they are denied.

16.     Defendants admit that, effective March 19, 2012, the Corps reissued 48 nationwide permits (NWPs) and issued two new NWPs for a total of 50 NWPs. The remaining allegations in Paragraph 16 characterize the NWPs (77 Fed. Reg. 10,184 (Feb. 21, 2012)), which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the NWPs, they are denied.

17.     Defendants admit the allegations in Paragraph 17.

18.     The allegations in Paragraph 18 consist of vague and ambiguous characterizations, which require no response. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and, on that basis, deny the allegations.

19.     The allegations in Paragraph 19 characterize the Complaint, which requires no response. To the extent a response is required, the allegations are denied.

20.     The allegations in Paragraph 20 characterize the Complaint, which requires no response. To the extent a response is required, the allegations are denied.

21.     The allegations in Paragraph 21 characterize the Complaint, which requires no response. To the extent a response is required, the allegations are denied.

22.     The allegations in Paragraph 22 characterize the Complaint, which requires no response. To the extent a response is required, the allegations are denied.

23.     The allegations in Paragraph 23 characterize the relief requested by Plaintiffs, which require no response. To the extent a response is required, Defendants deny that Plaintiffs are entitled to such relief.

## JURISDICTION AND VENUE

24.     The allegations in Paragraph 24 contain conclusions of law, which require no response. To the extent a response is required, the allegations are denied.

25.     The allegations in Paragraph 25 contain conclusions of law, which require no response. To the extent a response is required, the allegations are denied.

## PARTIES

26.     Defendants admit the allegations in the first and second sentence of Paragraph 26. The allegations in the third sentence of Paragraph 26 consist of Plaintiffs' characterization of this case and conclusions of law, which require no response. To the extent a response is required, the allegations are denied.

27.     Defendants admit the allegations in Paragraph 27.

28.     Defendants admit the allegations in Paragraph 28.

29.     Defendants admit the allegations in the first sentence of Paragraph 29. The allegations in the second sentence of Paragraph 29 consist of Plaintiffs' characterization of this case and conclusions of law, which require no response. To the extent a response is required, the allegations are denied.

30.     Defendants admit that Dakota Access has engaged or will engage in clearing, grading, digging, building, and burying over certain portions of the Pipeline route. The remaining allegations in Paragraph 30 consist of vague and ambiguous characterizations, which require no response. To the extent a response is required, Defendants lack knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 30 and, on that basis, deny the allegations.

31.     The allegations in Paragraph 31 consist of vague and ambiguous characterizations, which require no response. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and, on that basis, deny the allegations.

32.     Defendants admit that lands in North Dakota, South Dakota, and Iowa would be traversed by the Pipeline. The remaining allegations in Paragraph 32 consist of vague and ambiguous characterizations, which require no response. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 32 and, on that basis, deny the allegations.

33.     The allegations in Paragraph 33 consist of vague and ambiguous characterizations, which require no response. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 and, on that basis, deny the allegations.

34.      The allegations in Paragraph 34 consist of vague and ambiguous characterizations, which require no response. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 and, on that basis, deny the allegations.

35.     The allegations in Paragraph 35 consist of vague and ambiguous characterizations, which require no response. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 and, on that basis, deny the allegations.

36.     The allegations in Paragraph 36 consist of vague and ambiguous characterizations, which require no response. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 and, on that basis, deny the allegations.

37.     Defendants admit that the Pipeline route crosses the James River. The remaining allegations in Paragraph 37 consist of vague and ambiguous characterizations, which require no response. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 37 and, on that basis, deny the allegations.

38.     Defendants admit that the Corps is a federal agency. The remaining allegations in Paragraph 38 characterize federal statutes, which speak for themselves, and no response is required. To the extent the allegations in Paragraph 38 are inconsistent with the statutes, they are denied.

39.     The allegations in Paragraph 39 characterize the NWO EA/FONSI and MVS EA, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the NWO EA/FONSI and MVS EA, they are denied.

40.     Defendants admit that the Corps reissued NWP 12 and that the Corps verified that Dakota Access's proposed activities at more than 200 locations along the Pipeline route satisfied the terms and conditions of NWP 12. The remaining allegations in Paragraph 40 contain conclusions of law or characterize NWP 12, which speaks for itself, and no response is required. To the extent the allegations are inconsistent with NWP 12, they are denied.

41.     Defendants admit that the Corps verified that Dakota Access's activities at 200 locations along the Pipeline route in North Dakota, South Dakota, Iowa, and Illinois satisfied the

terms and conditions of NWP 12. The remaining allegations in Paragraph 40 contain conclusions of law or characterize NWP 12, which speaks for itself, and no response is required. To the extent the allegations are inconsistent with NWP 12, they are denied.

42.     Defendants admit that the Corps is a federal agency under the Department of Defense.

43.     Defendants admit the allegations in Paragraph 43.

44.     Defendants deny the allegations in Paragraph 44.

45.     Defendants admit the allegations in Paragraph 45.

46.     Defendants deny that the Corps issued section 408 "permits" in North Dakota but admit the remaining allegations in Paragraph 46.

47.     Defendants admit the allegations in Paragraph 47.

48.     Defendants deny that the Corps issued a section 408 "permit" in Illinois but admit the remaining allegations in Paragraph 48.

49.     Defendants admit the allegations in Paragraph 49

50.     Defendants admit the allegations in Paragraph 50.

51.     Defendants admit the allegations in Paragraph 51.

52.     Defendants admit that Dan Ashe, as director of the FWS, oversees FWS actions related to the FONSI for the special use permit. Defendants deny the remaining allegations in Paragraph 52.

## **STATEMENT OF FACTS**

53.     Defendants incorporate by reference responses to Paragraphs 1 through 52.

54.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 54 and, on that basis, deny

the allegations. As to the third and fourth sentences of Paragraph 54, Defendants admit that the Sioux or Dahcotah Nation was a party to the 1851 Treaty of Fort Laramie. The remaining allegations in the third and fourth sentences of Paragraph 54 characterize the 1851 Treaty of Fort Laramie, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 1851 Treaty of Fort Laramie, or the treaties and Congressional acts modifying the 1851 Treaty of Fort Laramie, they are denied.

55.     Defendants admit that the Pipeline route crosses the Heart River and Missouri River. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 55 and, on that basis, deny the allegations

56.     Defendants admit that a portion of the Pipeline crosses territory of the Sioux or Dahcotah Nation recognized in the 1851 Treaty of Fort Laramie. The remaining allegations in Paragraph 56 characterize Plaintiffs' Exhibit A, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with Exhibit A, they are denied.

57.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 and, on that basis, deny the allegations.

58.     The allegations in the first sentence of Paragraph 58 characterize findings of the Indian Claims Commission, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced Indian Claims Commission findings, they are denied. The allegations in the second sentence of Paragraph 58 characterize Plaintiffs' Exhibit B, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with Exhibit B, they are denied.

59.     The allegations in Paragraph 59 characterize Plaintiffs' Exhibit C, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with Exhibit C, they are denied.

60.     The allegations in Paragraph 60 consist of vague and ambiguous characterizations, which require no response. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 and, on that basis, deny the allegations.

61.     The allegations in Paragraph 61 consist of vague and ambiguous characterizations, which require no response. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 and, on that basis, deny the allegations.

62.     The allegations in Paragraph 62 contain conclusions of law, which require no response. To the extent a response is required, the allegations are denied.

63.     The allegations in Paragraph 63 characterize NWP 12, which speaks for itself and no response is required. To the extent the allegations in Paragraph 63 are inconsistent with NWP 12, those allegations are denied.

64.     Defendants admit that Dakota Access sought verification under NWP 12 to construct portions of the Pipeline in waters of the United States that are under the jurisdiction of the Corps. Defendants deny the remaining allegations in Paragraph 64.

65.     As to the first sentence of Paragraph 65, Defendants admit that Dakota Access submitted PCNs to the Corps for 209 sites along the Pipeline route. The remaining allegations in the first sentence of Paragraph 65 consist of vague and ambiguous characterizations, which require no response. To the extent a response is required, Defendants lack knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in the first sentence of Paragraph 65 and, on that basis, deny the allegations. Defendants admit the allegations in the second sentence of Paragraph 65.

66.     As to the first sentence of Paragraph 66, Defendants admit that, on July 25, 2016, the Corps issued NWP 12 verifications for 10 PCNs in South Dakota, as well as for PCNs in Iowa and Illinois. Defendants deny the remaining allegations in the first sentence of Paragraph 66. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 66 and, on that basis, deny the allegations. As to the third sentence of Paragraph 66, Defendants admit that these verifications verify that Dakota Access's activities satisfied the terms and conditions of NWP 12 at those crossings but aver that additional Corps authorizations, such as permissions under 33 U.S.C. § 408 and/or real estate interests, were required in some locations before construction activities could commence. Defendants deny the remaining allegations in the third sentence of Paragraph 66.

67.     Defendants deny the allegations in Paragraph 67

68.     Defendants deny the allegations in Paragraph 68.

69.     Defendants deny the allegations in Paragraph 69.

70.     Defendants deny the allegations in Paragraph 70.

71.     Defendants deny the allegations in Paragraph 71

72.     Defendants admit that Dakota Access must obtain permission from the Corps pursuant to the RHA, 33 U.S.C. § 408, in order for the Pipeline to cross federally-managed or -owned lands on the Missouri River in two places in North Dakota. Defendants aver that additional Corps authorizations were required before construction could occur at these two locations.

73.    Defendants deny that the Corps issued section 408 "permits" in North Dakota but admit that the Corps issued the NWO EA/FONSI on July 25, 2016, and issued the draft EA on December 9, 2015.

74.    The allegations in Paragraph 74 consist of vague and ambiguous characterizations, which require no response. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 and, on that basis, deny the allegations.

75.    Defendants deny that the Corps issued section 408 "permits" in Illinois but admit that the Corps issued the MVS EA and FONSI in August 2016.

76.    Defendants admit that the Pipeline will cross over or under private lands on which FWS administers wetland and/or grassland easements in North and South Dakota. The remaining allegations in Paragraph 76 contain conclusions of law, which require no response. To the extent a response is required, the allegations are denied.

77.    Defendants admit that FWS issued the FWS EA/FONSI on June 22, 2016, with respect to the crossing of the Pipeline over or under private lands on which FWS administers wetland and/or grassland easements. Defendants deny the remaining allegations in Paragraph 77.

78.    The allegations in the first sentence of Paragraph 78 purport to characterize a July 25, 2016 letter from the Corps to the Tribe, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the letter, they are denied. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 78 and, on that basis, deny the allegation. Defendants admit the allegations in the third sentence of Paragraph 78.

79.     Defendants admit that the Standing Rock Sioux Tribe filed a complaint against the Corps for declaratory and injunctive relief in the United States District Court for the District of Columbia on July 27, 2016.

80.     Defendants admit the allegations in Paragraph 80.

## FIRST CLAIM FOR RELIEF

81.     Defendants incorporate by reference responses to Paragraph 1 through 80.

82.     Defendants deny the allegations in Paragraph 82.

83.     The allegations in Paragraph 83 contain conclusions of law, which require no response. To the extent a response is required, the allegations are denied.

84.     The allegations in Paragraph 84 contain conclusions of law, which require no response. To the extent a response is required, the allegations are denied.

85.     The allegations in the first sentence of Paragraph 85 contain conclusions of law, which require no response. To the extent a response is required, the allegations are denied. The allegations in the second sentence of Paragraph 85 characterize a United Nations General Assembly Resolution, which speaks for itself, and no response is required. To the extent the allegations are inconsistent with the Resolution, they are denied.

86.     The allegations in Paragraph 86 contain conclusions of law, which require no response. To the extent a response is required, the allegations are denied.

87.     The allegations in Paragraph 87 characterize the United Nations Declaration on the Rights of Indigenous Peoples, which speaks for itself, and no response is required. To the extent the allegations are inconsistent with the Declaration, they are denied.

88.     Defendants deny the allegations in Paragraph 88.

89.     Defendants admit that they did not obtain the Tribe's consent prior to issuing their decisions concerning the Pipeline but deny that tribal consent was required.

90.     The allegations in Paragraph 90 contain conclusions of law, which require no response. To the extent a response is required, the allegations are denied.

## SECOND CLAIM FOR RELIEF

91.     Defendants incorporate by reference responses to Paragraph 1 through 90.

92.     The allegations in Paragraph 92 contain conclusions of law, which require no response. To the extent a response is required, the allegations are denied.

93.     The allegations in Paragraph 93 characterize a federal statute, which speaks for itself, and no response is required. To the extent the allegations are inconsistent with the regulation, they are denied.

94.     The allegations in Paragraph 94 characterize an Executive Order, which speaks for itself, and no response is required. To the extent the allegations are inconsistent with the Executive Order, they are denied.

95.     The allegations in Paragraph 95 characterize a United States Department of Defense ("DoD") Instruction, which speaks for itself, and no response is required. To the extent the allegations are inconsistent with the DoD Instruction, they are denied.

96.     The allegations in Paragraph 96 characterize a DoD Instruction, which speaks for itself, and no response is required. To the extent the allegations are inconsistent with the DoD Instruction, they are denied.

97.     The allegations in Paragraph 97 characterize a DoD Instruction, which speaks for itself, and no response is required. To the extent the allegations are inconsistent with the DoD Instruction, they are denied.

98.     The allegations in Paragraph 98 characterize the Corps Consultation Policy, which speaks for itself, and no response is required. To the extent the allegations are inconsistent with the Corps Consultation Policy, they are denied.

99.     The allegations in Paragraph 99 characterize the Corps Consultation Policy, which speaks for itself, and no response is required. To the extent the allegations are inconsistent with the Corps Consultation Policy, they are denied.

100.    Defendants admit that the Corps relies on, among other things, the consultation process set forth in the amended Programmatic Agreement for the Operation and Maintenance of the Missouri River Main Stem System for Compliance with the National Historic Preservation Act of 2004 ("PA") to fulfill its NHPA Section 106 duties. The allegations in the second sentence of Paragraph 100 characterize the PA, which speaks for itself, and no response is required. To the extent the allegations are inconsistent with the PA, they are denied. Defendants deny any remaining allegations in Paragraph 100.

101.    Defendants admit the allegations in Paragraph 101.

102.    The allegations in Paragraph 102 contain conclusions of law, which require no response. To the extent a response is required, the allegations are denied.

103.    Defendants deny the allegations in Paragraph 103.

104.    The allegations in Paragraph 104 purport to characterize a May 19, 2016 letter from the Advisory Council on Historic Preservation ("ACHP") to the Corps, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the letter, they are denied. Any remaining allegations are denied.

105.    Defendants admit that Corps Omaha District representatives participated in a meeting with the Tribe on May 18, 2016, but deny the remaining allegations in Paragraph 105.

15

106.     Defendants deny the allegations in Paragraph 106.

107.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 107 and, on that basis, deny the allegations. The allegations in the first sentence of Paragraph 107 also contain conclusions of law, which require no response. To the extent a response is required, the allegations are denied. As to the allegations in the second sentence of Paragraph 107, Defendants admit that the Corps was notified at the May 18, 2016 meeting that the Tribe was developing a protocol but deny that the meeting was "pre-consultation". The remaining allegations in the second sentence of Paragraph 107 purport to characterize an unspecified letter from the Tribe to the Corps, which speaks for itself and no response is required. To the extent the allegations are inconsistent with the letter, they are denied. Defendants deny any remaining allegations in Paragraph 107.

108.     Defendants deny the allegations in Paragraph 108.

109.     The allegations in Paragraph 109 characterize a May 19, 2016 letter from the ACHP to the Corps, which speaks for itself, and no response is required. To the extent the allegations are inconsistent with the letter, they are denied.

110.     The allegations in Paragraph 110 contain conclusions of law, which require no response. To the extent a response is required, the allegations are denied. The allegations in Paragraph 110 also consist of vague and ambiguous characterizations, which require no response. To the extent Paragraph 110 alleges that the Corps' action was in any way a violation of law, that allegation is denied.

111.     The allegations in Paragraph 111 characterize a May 19, 2016 letter from the ACHP to the Corps, which speaks for itself, and no response is required. To the extent the allegations are inconsistent with the letter, they are denied.

112.     Defendants deny the allegations in Paragraph 112.

113.     Defendants deny the allegations in Paragraph 113.

## THIRD CLAIM FOR RELIEF

114.     Defendants incorporate by reference responses to Paragraph 1 through 113.

115.     The allegations in Paragraph 115 contain conclusions of law, which require no response. To the extent a response is required, the allegations are denied.

116.     Defendants admit that the Corps approved the issuance of 50 NWPs, including NWP 12, effective March 19, 2012.

117.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 117 and, on that basis, deny the allegations.

118.     Defendants deny the allegations in Paragraph 118.

119.     Defendants deny the allegations in Paragraph 119.

120.     Defendants deny the allegations in Paragraph 120.

## FOURTH CLAIM FOR RELIEF

121.     Defendants incorporate by reference responses to Paragraph 1 through 120.

122.     Defendants admit that, on July 25, 2016, the Corps verified that Dakota Access's proposed activities for 200 PCNs in North Dakota, South Dakota, Iowa, and Illinois satisfied the terms and conditions of NWP 12, but deny the remaining allegations in Paragraph 122.

123.     Defendants deny the allegations in Paragraph 123.

124.     Defendants deny that the Tribe was not consulted regarding reissuance of NWP 12 in 2012. The remaining allegations in Paragraph 124 contain conclusions of law, which require no response. To the extent a response is required, the allegations are denied.

125.     The allegations in Paragraph 125 consist of vague and ambiguous characterizations, which require no response. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 125 and, on that basis, deny the allegations.

126.     Defendants deny the allegations in Paragraph 126.

127.     Defendants deny the allegations in Paragraph 127.

128.     Defendants deny the allegations in Paragraph 128.

129.     Defendants deny the allegations in Paragraph 129.

## FIFTH CLAIM FOR RELIEF

130.     Defendants incorporate by reference responses to Paragraph 1 through 129.

131.     The allegations in Paragraph 131 contain conclusions of law, which require no response. To the extent a response is required, the allegations are denied.

132.     The allegations in Paragraph 132 characterize a federal statute and regulations, which speak for themselves and no response is required. To the extent the allegations are inconsistent with statute and regulations, they are denied.

133.     The allegations in Paragraph 133 characterize federal regulations, which speak for themselves and no response is required. To the extent the allegations are inconsistent with the regulations, they are denied.

134.     The allegations in Paragraph 134 contain conclusions of law, which require no response. To the extent a response is required, the allegations are denied.

135.     The allegations in Paragraph 135 contain conclusions of law, which require no response. To the extent a response is required, the allegations are denied.

136.    The allegations in Paragraph 136 contain conclusions of law, which require no response. To the extent a response is required, the allegations are denied.

137.    Defendants deny the allegations in Paragraph 137.

138.    The allegations in Paragraph 138 characterize the Corps' EAs, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the EAs, they are denied. The allegations in Paragraph 138 also contain conclusions of law, which require no response. To the extent a response is required, the allegations are denied.

139.    Defendants admit that clearing, grading, and construction would occur over certain portions of the Pipeline route. The remaining allegations in Paragraph 139 consist of vague and ambiguous characterizations, which require no response. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 139 and, on that basis, deny the allegations.

140.    The allegations in Paragraph 140 characterize the NWO EA, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the NWO EA, they are denied. The remaining allegations in Paragraph 140 consist of vague and ambiguous characterizations, which require no response. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 140 and, on that basis, deny the allegations.

141.    The allegations in Paragraph 141 consist of vague and ambiguous characterizations, which require no response. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 141 and, on that basis, deny the allegations.

142.    The allegations in Paragraph 142 consist of vague and ambiguous characterizations, which require no response. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 141 and, on that basis, deny the allegations.

143.    The allegations in Paragraph 143 consist of vague and ambiguous characterizations, which require no response. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 141 and, on that basis, deny the allegations.

144.    The allegations in Paragraph 144 consist of vague and ambiguous characterizations, which require no response. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 141 and, on that basis, deny the allegations.

145.    Defendants admit that the Pipeline route crosses the Big Sioux Wildlife Management Area in Iowa but deny the remaining allegations in Paragraph 145.

146.    The allegations in Paragraph 146 characterize Corps EAs, which speak for themselves and are the best evidence of its contents. To the extent the allegations are inconsistent with the EAs, they are denied. The allegations in Paragraph 146 also contain conclusions of law, which require no response. To the extent a response is required, the allegations are denied.

147.    The allegations in Paragraph 147 characterize federal regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with regulations, they are denied.

148.    The allegations in Paragraph 148 purport to characterize a March 15, 2016 letter from the ACHP, which speaks for itself and is the best evidence of its contents. To the extent the

allegations are inconsistent with letter, they are denied. The remaining allegations in Paragraph 148 contain conclusions of law, which require no response. To the extent a response is required, the allegations are denied.

149.    The allegations in Paragraph 149 characterize a May 6, 2016 letter from the ACHP to the Corps, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with letter, they are denied.

150.    The allegations in Paragraph 150 characterize an unspecified letter from the ACHP, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the letter, they are denied.

151.    The allegations in Paragraph 151 contain conclusions of law, which require no response. To the extent a response is required, the allegations are denied.

152.    Defendants deny the allegations in Paragraph 152.

153.    The allegations in Paragraph 153 characterize a federal statute and regulations, which speak for themselves, and no response is required. To the extent the allegations are inconsistent with the statute and regulations, they are denied.

154.    The allegations in Paragraph 154 contain conclusions of law, which require no response. To the extent a response is required, the allegations are denied. The allegations in Paragraph 154 also characterize federal regulations, which speak for themselves and no response is required. To the extent the allegations are inconsistent with the regulations, they are denied.

155.    The allegations in Paragraph 155 contain conclusions of law, which require no response. To the extent a response is required, the allegations are denied.

156.    The allegations in Paragraph 156 contain conclusions of law, which require no response. To the extent a response is required, the allegations are denied.

157.    The allegations in Paragraph 157 contain conclusions of law, which require no response. To the extent a response is required, the allegations are denied.

158.    The allegations in Paragraph 158 contain conclusions of law, which require no response. To the extent a response is required, the allegations are denied.

159.    Defendants deny the allegations in Paragraph 159.

## SIXTH CLAIM FOR RELIEF

160.    Defendants incorporate by reference responses to Paragraph 1 through 159.

161.    The allegations in Paragraph 161 contain conclusions of law, which require no response. To the extent a response is required, the allegations are denied.

162.    The allegations in Paragraph 162 characterize a federal statute and regulations, which speak for themselves, and no response is required. To the extent the allegations are inconsistent with the statute and regulations, they are denied.

163.    The allegations in Paragraph 163 characterize a federal regulation, which speaks for itself, and no response is required. To the extent the allegations are inconsistent with the regulation, they are denied.

164.    The allegations in Paragraph 164 characterize federal regulations, which speaks for themselves, and no response is required. To the extent the allegations are inconsistent with the regulations, they are denied.

165.    The allegations in Paragraph 165 characterize a federal regulation, which speaks for itself and no response is required. To the extent the allegations are inconsistent with the regulation, they are denied.

166.    The allegations in Paragraph 166 characterize a federal statute and regulation, which speak for themselves and no response is required. To the extent the allegations are inconsistent with the statute and regulation, they are denied.

167.    The allegations in Paragraph 167 characterize CEQ guidance and a Federal Register notice, which speaks for themselves and are the best evidence of its contents. To the extent the allegations are inconsistent with the CEQ guidance and Federal Register notice, they are denied.

168.    The allegations in Paragraph 168 contain conclusions of law, which require no response. To the extent a response is required, the allegations are denied.

169.    Defendants admit that the Corps issued the NWO EA/FONSI, MVS EA and FONSI, and NWP 12 verifications for more than 200 locations for which verification had been requested along the Pipeline route. Defendants further admit that FWS issued the FWS EA/FONSI. The remaining allegations in Paragraph 169 consist of vague and ambiguous characterizations, which require no response. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 169 and, on that basis, deny the allegations.

170.    The allegations in Paragraph 170 contain conclusions of law, which require no response. To the extent a response is required, the allegations are denied.

171.    Defendants deny the allegations in Paragraph 171.

172.    The allegations in Paragraph 172 contain conclusions of law, which require no response. To the extent a response is required, the allegations are denied.

173.    The allegations in Paragraph 173 contain conclusions of law, which require no response. To the extent a response is required, the allegations are denied.

174.     The allegations in Paragraph 174 characterize an Executive Order, which speaks for itself and no response is required. To the extent the allegations are inconsistent with the Executive Order, they are denied.

175.     The allegations in Paragraph 175 characterize a presidential memorandum, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the memorandum, they are denied.

176.     The allegations in Paragraph 176 consist of vague and ambiguous characterizations, which require no response. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 176 and, on that basis, deny the allegations. The allegations in Paragraph 176 also contain conclusions of law, which require no response. To the extent a response is required, the allegations are denied.

177.     The allegations in Paragraph 177 contain conclusions of law, which require no response. To the extent a response is required, the allegations are denied.

178.     Defendants deny the allegations in Paragraph 178.

## SEVENTH CLAIM FOR RELIEF

179.     Defendants incorporate by reference responses to Paragraph 1 through 178.

180.     The allegations in Paragraph 180 contain conclusions of law, which require no response. To the extent a response is required, the allegations are denied.

181.     The allegations in Paragraph 181 characterize a federal statute, which speaks for itself, and no response is required. To the extent the allegations are inconsistent with the statute, they are denied.

182.    The allegations in Paragraph 182 characterize a federal statute, which speaks for itself, and no response is required. To the extent the allegations are inconsistent with the statute, they are denied.

183.    The allegations in Paragraph 183 characterize a federal statute, which speaks for itself, and no response is required. To the extent the allegations are inconsistent with the statute, they are denied.

184.    The allegations in Paragraph 184 characterize a federal regulation, which speaks for itself, and no response is required. To the extent the allegations are inconsistent with the regulation, they are denied.

185.    The allegations in Paragraph 185 characterize federal regulations and NWPs, which speak for themselves, and no response is required. To the extent the allegations are inconsistent with the regulations and NWPs, they are denied.

186.    The allegations in Paragraph 186 characterize federal regulations, which speak for themselves, and no response is required. To the extent the allegations are inconsistent with the regulations, they are denied.

187.    The allegations in Paragraph 187 characterize NWP 12 and a Federal Register notice, which speak for themselves, and no response is required. To the extent the allegations are inconsistent with NWP 12 and the Federal Register notice, they are denied.

188.    The allegations in Paragraph 188 characterize NWP 12, which speaks for itself, and no response is required. To the extent the allegations are inconsistent with NWP 12, they are denied.

189.    The allegations in Paragraph 189 characterize a Federal Register notice, which speaks for itself, and no response is required. To the extent the allegations are inconsistent with the Federal Register notice, they are denied.

190.    The allegations in Paragraph 190 characterize a Federal Register notice, which speaks for itself, and no response is required. To the extent the allegations are inconsistent with the Federal Register notice, they are denied.

191.    The allegations in Paragraph 191 characterize a federal regulation, which speak for itself, and no response is required. To the extent the allegations are inconsistent with the regulation, they are denied.

192.    The allegations in Paragraph 192 contain conclusions of law, which require no response. To the extent a response is required, the allegations are denied.

193.    The allegations in Paragraph 193 contain conclusions of law, which require no response. To the extent a response is required, the allegations are denied.

194.    Defendants deny the allegations in Paragraph 194.

## PRAYER FOR RELIEF

The remaining allegations in the Complaint consist of Plaintiffs' Prayer for Relief, which requires no response. To the extent a response is required, Defendants deny that Plaintiffs are entitled to such relief.

## GENERAL DENIAL

To the extent any allegations have not been specifically addressed in the preceding paragraphs, Defendants hereby deny such allegations.

## DEFENSES

Without limiting or waiving any defenses available to it, the United States hereby asserts the following defenses:

### FIRST DEFENSE

The Court lacks jurisdiction over some or all of Plaintiffs' claims and/or Plaintiffs have failed to state a claim upon which relief can be granted.

### SECOND DEFENSE

Some or all of Plaintiffs' claims are barred by laches, estoppel, and waiver.

### THIRD DEFENSE

Some or all of Plaintiffs' claims are moot.

### FOURTH DEFENSE

Some or all of Plaintiffs' claims are unripe.

### FIFTH DEFENSE

Plaintiffs lack standing to bring some or all of their claims.

### FIFTH DEFENSE

The Complaint does not describe the claims or events with sufficient particularity to allow Defendants to ascertain what other defenses may exist at this time, and therefore Defendants reserve the right to assert all defenses which may pertain to the Complaint once the precise nature of the claims is ascertained in the future.

Dated: November 21, 2016                    Respectfully submitted,

                                            JOHN C. CRUDEN
                                            Assistant Attorney General
                                            Environment & Natural Resources Division

                                    By:     /s/ *Erica Zilioli*

MATTHEW MARINELLI, IL Bar 6277967
U.S. Department of Justice
Natural Resources Section
P.O. Box 7611
Benjamin Franklin Station
Washington, DC 20044
Phone: (202) 305-0293
Fax: (202) 353-2021
matthew.marinelli@usdoj.gov

ERICA M. ZILIOLI, D.C. Bar 488073
U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, DC 20044
Phone: (202) 514-6390
Fax: (202) 514-8865
Erica.Zilioli@usdoj.gov

*Attorneys for the Defendants*

OF COUNSEL:

MILTON BOYD
MELANIE CASNER
U.S. Army Corps of Engineers
Office of Chief Counsel
Washington, DC

**CERTIFICATE OF SERVICE**

I hereby certify that, on the 21st day of November, 2016, a copy of the foregoing was filed through the Court's CM/ECF management system and electronically served on counsel of record.

/s/ *Erica Zilioli*
Erica M. Zilioli