**IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| STANDING ROCK SIOUX TRIBE, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 1:16-cv-01534 (JEB) |
| UNITED STATES ARMY CORPS OF ENGINEERS, | ) | |
| Defendant. | ) | |
| | | |
| YANKTON SIOUX TRIBE, et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. 1:16-cv-1796 (JEB) |
| UNITED STATES ARMY CORPS OF ENGINEERS, et al., | ) | |
| Defendants. | ) | |
| | | |
| OGLALA SIOUX TRIBE, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 1:17-cv-00267 (JEB) |
| UNITED STATES ARMY CORPS OF ENGINEERS, | ) | |
| Defendant. | ) | |

**UNITED STATES ARMY CORPS OF ENGINEERS'
<u>UNOPPOSED MOTION TO CONSOLIDATE</u>**

The United States respectfully moves the Court pursuant to Rule 42(a) of the Federal Rules of Civil Procedure to consolidate *Standing Rock Sioux Tribe v. United States Army Corps of Engineers,* 1:16-cv-01534 (JEB) (D.D.C.) with *Yankton Sioux Tribe v. United States Army Corps of Engineers* 1:16-cv-01796 (JEB) (D.D.C.) and *Oglala Sioux Tribe v. United States Army Corps of Engineers,* 1:17-cv-00267 (JEB) (D.D.C.).  This motion is unopposed.  The grounds for this motion are set forth in the attached memorandum in support thereof.

Dated: March 15, 2017

                              Respectfully submitted,

                              JEFFREY H. WOOD
                              Acting Assistant Attorney General
                              Environment and Natural Resources Division

                              */s/ Amarveer S. Brar*
                              AMARVEER S. BRAR, CA Bar 309615
                              REUBEN S. SCHIFMAN, NY Bar
                              MATTHEW MARINELLI, IL Bar 6277967
                              U.S. Department of Justice
                              Natural Resources Section
                              P.O. Box 7611
                              Benjamin Franklin Station
                              Washington, DC 20044
                              Phone: (202) 305-0479 (Brar)
                              Phone: (202) 305-4224 (Schifman)
                              Phone: (202) 305-0293 (Marinelli)
                              Fax:    (202) 305-0506
                              amarveer.brar@usdoj.gov
                              reuben.schifman@usdoj.gov
                              matthew.marinelli@usdoj.gov

                              ERICA M. ZILIOLI, D.C. Bar 488073
                              U.S. Department of Justice
                              Environmental Defense Section
                              P.O. Box 7611
                              Washington, DC 20044

                                              Phone: (202) 514-6390
                                              Fax: (202) 514-8865
                                              Erica.Zilioli@usdoj.gov

                                              *Attorneys for the United States Army Corps of Engineers*

OF COUNSEL:

MILTON BOYD
MELANIE CASNER
U.S. Army Corps of Engineers
Office of Chief Counsel
Washington, DC

**IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| STANDING ROCK SIOUX TRIBE,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES ARMY CORPS OF ENGINEERS,<br><br>    Defendant. | Case No. 1:16-cv-01534 (JEB) |
| YANKTON SIOUX TRIBE, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>UNITED STATES ARMY CORPS OF ENGINEERS, et al.<br><br>    Defendants. | Case No. 1:16-cv-1796 (JEB) |
| OGLALA SIOUX TRIBE,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES ARMY CORPS OF ENGINEERS,<br><br>    Defendant. | Case No. 1:17-cv-00267 (JEB) |

**MEMORANDUM IN SUPPORT OF
<u>UNOPPOSED MOTION TO CONSOLIDATE</u>**

The United States Army Corps of Engineers ("Corps") respectfully submits this memorandum of law in support of its unopposed motion to consolidate the above-captioned cases, *Standing Rock Sioux Tribe v. United States Army Corps of Engineers*, No. 1:16-cv-01534 (D.D.C) (*"Standing Rock"*), *Yankton Sioux Tribe v. United States Army Corps of Engineers*, No. 1:16-cv-01796 (D.D.C.) ("*Yankton Sioux*"), and *Oglala Sioux Tribe v. United States Army Corps of Engineers,* No. 1:17-cv-00267 ("*Oglala Sioux"*).  Counsel for the Corps has conferred with counsel in all cases.  Counsel for plaintiffs in *Standing Rock* have stated that the Standing Rock Sioux Tribe and Cheyenne River Sioux Tribe do not oppose consolidation.  Standing Rock's non-opposition is conditioned on an understanding that no party will use the fact of consolidation to seek a delay in the resolution of its pending summary judgment motion.  Counsel for the Yankton Sioux Tribe stated that it does not oppose consolidation.  Counsel for the Oglala Sioux Tribe stated that it also does not oppose consolidation, so long as consolidation is not used to alter the schedule of the pending summary judgment motions.  Lastly, counsel for Dakota Access, LLC ("Dakota Access"), Defendant-Intervenor in *Standing Rock* and Movant-Intervenor in *Yankton Sioux*, stated that Dakota Access does not oppose consolidation.

**I.     Background**

  **A.     The *Standing Rock* Case**

On July 27, 2016, the Standing Rock Sioux Tribe filed its complaint against the Corps. *Standing Rock Sioux Tribe*, No. 1:16-cv-01534-JEB, ECF No. 1 ("Standing Rock Complaint"). The complaint included six claims for relief against the Corps related to alleged violations of section 106 of the National Historic Preservation Act ("NHPA"), the National Environmental Policy Act ("NEPA"), the Clean Water Act ("CWA"), and the Rivers and Harbors Act ("RHA"). *Id.* at 31-46.  All allegations were brought in connection with the Corps' actions relating to

portions of the Dakota Access pipeline, an oil pipeline project that would span from North Dakota to Illinois. *Id*. at 1.

On August 10, 2016, Cheyenne River Sioux Tribe moved to intervene in *Standing Rock*. ECF No. 11. And on October 19, 2016, the Court ordered the Cheyenne River's September 8, 2016 amended complaint filed. Order No. 1:16-cv-01534-JEB, ECF No. 48. In addition to raising claims similar to those in the Standing Rock complaint, the Cheyenne River Complaint challenged Corps actions relating to portions of the Dakota Access pipeline under theories alleging a breach of trust responsibility, and violations of the Flood Control Act and the Mineral Leasing Act ("MLA"). No. 1:16-cv-01534-JEB, ECF No. 37 at 54-56 ("Cheyenne River Complaint").

Following the Corps' February 8, 2017 grant of an easement for the Dakota Access pipeline to cross under Lake Oahe, both Cheyenne River and Standing Rock filed motions to amend their complaints to include claims concerning that decision. No. 1:16-cv-01534-JEB, ECF No. 97-1 (Feb. 9, 2017); ECF No. 106 (Feb. 10, 2017). The Court has set a deadline (by grant of extension) of March 27, 2016 for Defendants to respond to these motions. No. 1:16-cv-01534-JEB, Minute Order (Feb. 13, 2017). Both Standing Rock and Cheyenne River have also filed motions for partial summary judgment on an expedited basis. No. 1:16-cv-01534-JEB, ECF No. 117 (Feb. 14, 2017); ECF No. 131 (Feb. 22, 2017).

**B.    The *Yankton Sioux* case**

On September 8, 2016, the Yankton Sioux Tribe filed its complaint against the Corps, the United States Fish and Wildlife Service ("FWS"), and certain Corps and FWS employees acting in their official capacities. *Yankton Sioux Tribe*, No. 1:16-cv-01796-JEB, ECF No. 1 ("Yankton Sioux Complaint"). Like the *Standing Rock* Complaint, the Yankton Sioux Complaint alleged

claims against the Corps for its various decisions, approvals, and verifications for portions of the pipeline within the Corps' jurisdiction. *Id.* at 2. Additionally, Yankton Sioux brings claims against FWS for issuing special use permits in connection with certain portions of the pipeline that cross conservation easements administered by FWS. *Id.* at 25-32. Defendants filed an answer to the Yankton Sioux Complaint on November 21, 2016. No. 1:16-cv-01796-JEB, ECF No. 9. On December 13, 2016, the Court held in abeyance the production of the administrative record and briefing pending resolution of Dakota Access's then-pending motion for summary judgment in the *Standing Rock* case. No. 1:16-cv-01796-JEB, Minute Order (Dec. 13, 2016). As of the time of this filing, the case remains held in abeyance and there are no litigation activities pending.

### C. The *Oglala Sioux* case

On February 11, 2017, the Oglala Sioux Tribe filed its complaint against the Corps. *Oglala Sioux Tribe*, No. 1:17-cv-00267-JEB, ECF No. 1 ("Oglala Sioux Complaint").[1] Like the two cases mentioned above, the Oglala Sioux Complaint also alleges NEPA, MLA, and breach of trust claims against the Corps related to its actions with respect to the pipeline. *Id.* at 27-32. In addition to alleged treaty violations, the Oglala Sioux Tribe's breach of trust claims also apply to an alleged violation of the Mni Wiconi Act. Oglala Sioux Compl. 32. This violation is not alleged by the other Tribes. The Corps' response to the Oglala Sioux Complaint is due April 28, 2017.

---

[1] The Tribe also filed an amicus brief in the *Standing Rock* case in support of Standing Rock's motion for partial summary judgment. *See* No. 1:16-cv-01534-JEB, ECF No. 138 (Feb. 22, 2017).

## II. Legal Standard

Rule 42(a) of the Federal Rules of Civil Procedure allows a court to consolidate actions that involve a common question of law or fact. Fed. R. Civ. P. 42(a). "The decision whether to consolidate cases under Rule 42(a) is within the broad discretion of the trial court." *Stewart v. O'Neill*, 225 F. Supp. 2d 16, 21 (D.D.C. 2002). In exercising that discretion, district courts "weigh considerations of convenience and economy against considerations of confusion and prejudice." *Am. Postal Workers Union v. U.S. Postal Serv.*, 422 F. Supp. 2d 240, 245 (D.D.C. 2006) (quoting *Chang v. United States*, 217 F.R.D. 262, 265 (D.D.C. 2003)). "Consolidation is appropriate where, as here, the [three] cases each involve review of the same underlying decision." *Biochem Pharma, Inc. v. Emory Univ.*, 148 F. Supp. 2d 11, 13 (D.D.C. 2001).

## III. Argument

### A. The Cases Involve Common Questions of Fact and Law

The Court should consolidate the three cases because they involve common questions of law and fact. Although there are some differences between the plaintiffs' claims, the cases challenge the same underlying Corps actions, and are predominantly based on the same legal theories under statutes including NEPA, the NHPA, MLA, and the CWA/RHA. *See* Standing Rock Compl. 31-46; Yankton Sioux Compl. 15-32; Oglala Sioux Compl. 28-32. Additionally, all plaintiffs request similar declaratory relief, *see* Standing Rock Compl. 47, Yankton Sioux Compl. 32-33, Oglala Sioux Compl. 33. Furthermore, because all three sets of plaintiffs challenge the same Corps actions, the same or similar Corps administrative records will form the basis for judicial review in all three matters.[2]

---

[2] Although the *Standing Rock* and *Oglala Sioux* plaintiffs have not asserted claims against FWS, as the *Yankton Sioux* plaintiffs did, there would be no prejudice to the *Standing Rock* or *Oglala*

4

### B.  Convenience and Economy Weigh in Favor of Consolidation

Considerations of convenience and economy weigh in favor of consolidating *Standing Rock*, *Yankton Sioux*, and *Oglala Sioux*.  Consolidating the cases would conserve judicial resources, allow the parties to save time and expense, and enable the Court and parties to schedule matters more efficiently.  Moreover, consolidation will not cause any undue delay of the cases.  Standing Rock and Oglala Sioux condition their consent on an understanding that no party will use the fact of consolidation to seek a day in the resolution of, or otherwise alter the schedules for Standing Rock's and Cheyenne River's motions for partial summary judgment.  Thus, consolidation would not disrupt the expedited briefing schedules for Standing Rock's and Cheyenne River's motions for partial summary judgment and would allow for Plaintiffs to coordinate briefing moving forward.  *See* No. 1:16-cv-01534-JEB, Minute Orders (Feb. 13, 2017 & Feb. 23, 2017).  The only motion pending in the *Yankton Sioux* case is Dakota Access's request to intervene in that case.  *See* No. 1:16-cv-01796-JEB, ECF No. 17.  And the Oglala Sioux Complaint was only recently filed.

### IV.  Conclusion

There are common issues of law and fact between the *Standing Rock*, *Yankton Sioux*, and *Oglala Sioux* cases.  Accordingly, the Corps respectfully submits that the Court should exercise its discretion and consolidate the three actions in the interest of efficiency and for the convenience of the Court and the parties.

---

*Sioux* plaintiffs if the FWS claims were adjudicated as part of a consolidated case.  Undersigned counsel for the Corps also represents FWS, and FWS agrees to consolidation.

Dated: March 15, 2017

Respectfully submitted,

JEFFREY H. WOOD
Acting Assistant Attorney General
Environment and Natural Resources Division

/s/ *Amarveer S. Brar*
AMARVEER S. BRAR, CA Bar 309615
REUBEN S. SCHIFMAN, NY Bar
MATTHEW MARINELLI, IL Bar 6277967
U.S. Department of Justice
Natural Resources Section
P.O. Box 7611
Benjamin Franklin Station
Washington, DC 20044
Phone: (202) 305-0479 (Brar)
Phone: (202) 305-4224 (Schifman)
Phone: (202) 305-0293 (Marinelli)
Fax:    (202) 305-0506
amarveer.brar@usdoj.gov
reuben.schifman@usdoj.gov
matthew.marinelli@usdoj.gov

ERICA M. ZILIOLI, D.C. Bar 488073
U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, DC 20044
Phone: (202) 514-6390
Fax:    (202) 514-8865
Erica.Zilioli@usdoj.gov

*Attorneys for the United States Army Corps of Engineers*

*OF COUNSEL*:
MILTON BOYD
MELANIE CASNER
U.S. Army Corps of Engineers
Office of Chief Counsel
Washington, DC

6

## CERTIFICATE OF SERVICE

I hereby certify that, on the 15th day of March, 2017, a copy of the foregoing was filed through the Court's CM/ECF management system and electronically served on counsel of record.

/s/ *Amarveer S. Brar*
Amarveer S. Brar